David L. Mazaroli (DM-3929)
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

-----------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

|  |  |
|---|---|
|  | : ECF CASE |
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA | : |
|  | : 07 Civ. 8193 (JES) |
| Plaintiff, | : |
| - against - | : **COMPLAINT** |
| M/V "HYUNDAI PIONEER", her engines, tackle, boilers, etc.; MILLENIUM MARINE CORP.; AMERICAN PRESIDENT LINES, LTD.; APL LTD.; APL CO. PTE LTD.; | : : : |
| Defendants. |  |

-----------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendants:

### FIRST CAUSE OF ACTION

1.   This action includes a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1333 and 1337 as this action arises from the intermodal carriage of goods under a through bill of lading referring to ocean carriage and interstate rail and/or road carriage and is governed by federal statutes related thereto, including but not limited to the Carmack Amendment to the Interstate Commerce Act of 1887 ("Carmack"), Act of June 29, 1906, ch. 3591, 34 Stat. 584 (1906) (current version at 49 U.S.C. § 11706 and

49 U.S.C. §14706 (2000)). Plaintiff seeks recovery for cargo damage caused by defendants' breaches of contract and torts. Concurrently there is diversity jurisdiction and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

2.  Plaintiff Indemnity Insurance Company of North America is a corporation organized under the laws of, and with its principal place of business in, the Commonwealth of Pennsylvania, and sues herein as the subrogated insurer of the cargo in suit, having paid the insurance claim of Colorcon (Shanghai) Trading Co. Ltd. and for and on behalf of the shipper, consignee and owner of the cargo as their interests may appear. Plaintiff also seeks recovery on behalf of its insured for its losses in excess of the insurance claim payment.

3.  Defendants are believed to be corporations organized under the laws of, and with their principal places of business in, certain of the fifty states other than Pennsylvania and/or foreign sovereigns.

4.  Upon information and belief the aforesaid defendants are engaged in the business of common carriers, bailees, and/or warehousemen-for-hire, and/or the provision of services related to such activities, and conduct such business with respect to shipments to, from and within the State of New York and the United States as a whole within the meaning of Rule 4(k)(2) Federal Rules of Civil Procedure.

5.  Upon information and belief the captioned vessel is now, or will be during the pendency of this action, within the admiralty and maritime jurisdiction of this Honorable Court or is otherwise subject to jurisdiction pursuant to Rule 4(k)(2) Federal Rules of Civil Procedure.

6. This action involves damage and loss to a shipment of 495 drums of pharmaceuticals, including Starch and Surelease Clear, which moved in carrier-provided container APRU5086214 from Indianapolis, Indiana, to Shanghai, China, by way of the port of Los Angeles aboard the M/V "HYUNDAI PIONEER", Voyage 525, as described more fully in Millenium Marine Corp. bill of lading MMCU32061 and APL bill of lading APLU098205145 dated on or about October 7, 2006, and others.[1] (Booking No. 098205145).

7. The aforementioned damage and loss was caused by the unseaworthiness of the carrying vessel and container as well as defendants' reckless failure to properly load, stow, lash, carry, discharge, deliver and care for the subject cargo, and their fundamental breaches of, and unreasonable deviations from, the terms of the contract of carriage  Defendants' breaches include the failure to provide proper temperature-controlled care, for which higher freight charges were paid by plaintiff's subrogor.

8. As a result of the foregoing, plaintiff and those on whose behalf it sues, has sustained damages in the amount of $256,099.59 for which defendants are jointly and severally liable, without limitation, as common carriers, bailees and/or warehousemen for hire.

9. Plaintiff sues on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

**SECOND CAUSE OF ACTION**

10. Plaintiff repeats and realleges the allegations in paragraphs 1 through 9.

11. If and to the extent any defendant contends that it acted as a freight forwarder with respect to the subject shipment, said defendant had a duty to properly and

---

[1] The bills of lading each contain a Southern District of New York form selection clause.

carefully monitor and supervise the receipt, dispatch and transport of the cargo during the entire door-to-door period of custody, including matters relating to the provision of temperature-controlled care during transport.

12. The damage to the cargo was caused in whole or in part by defendants' breach of said duties and obligations in that during defendants' custody the cargo was exposed to non-conforming temperatures which caused damage and rendered the shipment unfit for intended usage.

### THIRD CAUSE OF ACTION

13. Plaintiff repeats and realleges the allegations in paragraphs 1 through 9.

14. On or about September 19, 2006 the shipment was delivered to defendants, or entities acting on their behalf, in full and complete good order and condition at or near the ColorCon facility in Indianapolis, Indiana.

15. The shipment was received into the custody of defendants, or entities acting on their behalf, as a live-load door-pickup movement.

16. The defendants' bills of lading were intermodal through bills, meaning that they contemplated multiple modes of transportation, including land carriage from Indianapolis to the Los Angeles and ocean carriage from the port of loading to final destination in Shanghai, China.

17. Defendants, or entities acting on their behalf, provided shipping container APRU5086214 for the entire transport of the shipment from the place of receipt to the place of intended delivery and the pharmaceuticals in question were loaded into said container in good order and condition and without evidence of damage at the time of the live-load door pickup.

18. Defendants carried the shipment by road and rail conveyances from Indianapolis to Los Angeles, California.

19. At the port of Los Angeles the shipment was transferred to the ocean vessel, believed to be the M/V "HYUNDAI PIONEER", for the ocean transport to Shanghai.

20. During the intermodal transportation by land from Indianapolis to Los Angeles, and during the ocean crossing, the cargo sustained damage as a result defendants' failure to provide required temperature-controlled care during the entire period of their custody.

21. As a result of the damage sustained, the cargo was rendered unfit for intended usage.

## FOURTH CAUSE OF ACTION

22. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 9 of this complaint.

23. With respect to the interstate rail carriage of the cargo from Indianapolis to Los Angeles, defendants were at all material times engaged in the business of rail carriers, or the offering or providing of rail carrier services, and were receiving, delivering and/or other carriers within the meaning of the Carmack Amendment.

24. With respect to the interstate road carriage of the cargo from Indianapolis to Los Angeles, defendants were at all material times engaged in the business of motor carriers, or the offering or providing of rail carrier services, and was a receiving, delivering and/or other carrier within the meaning of the Carmack Amendment.

25.	The damage sustained to the shipment in suit was proximately caused in whole or in part by events during interstate rail carriage while the shipment was in the actual, constructive, or contractual custody of defendants, and entities acting on its behalf.

26.	The damage to the shipment was not caused by events which would constitute a defense or exception to liability under the Carmack Amendment.

27.	As a result of the aforesaid, defendants are liable, without limitation of any kind, as carriers and/or forwarders under the Carmack Amendment.

**FIFTH CAUSE OF ACTION**

28.	Plaintiff repeats and realleges the allegations in Paragraphs 1 through 9 of this complaint.

29.	Defendants agreed and promised to perform services and act as carriers or bailees of the shipment, and defendants are liable to plaintiff for breach of said agreement and of their obligations as carriers of goods for hire and/or bailees under applicable contracts or law (including federal common law) for the damage and loss to the shipment.

**SIXTH CAUSE OF ACTION**

30.	Plaintiff repeats and realleges the allegations in Paragraphs 1 through 9 of this complaint.

31.	Defendants, or entities acting on their behalf, willfully, recklessly, or negligently and/or with gross negligence failed to exercise the degree of care in relation to the shipment which were reasonable required under the premises and/or willfully, recklessly or negligently and/or with gross negligence failed to provide adequate security measures for the shipment as were reasonably required under the premises.

32. The damage to the shipment was proximately caused by defendants' willful, reckless and/or negligent conduct.

WHEREFORE, plaintiff demands judgment against defendants jointly and severally in the amount of $256,099.59 together with interest at the rate of 9% per annum and the costs of this action, together with such other and further relief is warranted by justice.

Dated:   New York, New York
         September 19, 2007

                                        LAW OFFICES,
                                        DAVID L. MAZAROLI

                                        *s/David L. Mazaroli*
                                        _____
                                        David L. Mazaroli (DM 3929)
                                        Attorney for Plaintiff
                                        11 Park Place - Suite 1214
                                        New York, New York 10007
                                        Tel.: (212)267-8480
                                        Fax.: (212)732-7352
                                        E-mail: dlm@mazarolilaw.com
                                        File No.: 7G-1568