James H. Hohenstein
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
Telephone: (212) 513-3200
Telefax: (212) 385-9010
Email: jim.hohenstein@hklaw.com
      lissa.schaupp@hklaw.com

Attorneys for Defendant,
AMERICAN PRESIDENT LINES, LTD.
APL LIMITED (S/H/A APL LTD.)
APL CO. PTE LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,<br><br>           Plaintiff,<br><br>      -against-<br><br>M/V "HYUNDAI PIONEER," her engines, tackle, boilers, etc.; MILLENIUM MARINE CORP.; PRESIDENT LINES, LTD., APL LTD.; APL CO. PTE LTD.,<br><br>           Defendants. | 07 Civ. 8193 (RWS)<br><br>**ANSWER** |

      NOW COMES Defendants, American President Lines, Ltd. ("APL"), APL Limited (sued here as APL Ltd. ("APL Limited"), and APL Co. Pte Ltd. ("APL Pte")(collectively, "APL Defendants"), by and through their attorneys, Holland & Knight LLP, answering the Complaint of Plaintiff Indemnity Insurance Company of North America ("Plaintiff"), and respectfully state upon information and belief:

## **FIRST CAUSE OF ACTION**

1.  Admits that this action is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph "1" of the Complaint, and respectfully refer all questions of law for determination by this Court at the time of trial.

2.  Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "2" of the Complaint.

3.  Admit that the APL Defendants were and still are business entities duly organized and existing under the laws of a state other than Pennsylvania and/or foreign sovereigns, with principal places of business in states other than Pennsylvania and/or foreign sovereigns.

4.  Admit that the APL and APL Pte were and still are in the business of common carriage by water with respect to shipments to, from and within the State of New York and the United States. Deny the remaining allegations set forth in paragraph "4" of the Complaint.

5.  Allegation not directed at the APL Defendants, thus no response required.

6.  Admit that defendant APL moved 21 pallets of pharmaceuticals in container APRU508621-4 from Indianapolis, Indiana to Shanghai, China, by way of the port of Los Angeles aboard the M/V "HYUNDAI PIONEER," Voyage 525 under bill of lading APLU 098205145, dated October 7, 2006, and deny the remaining allegations set forth in paragraph "6" of the Complaint.

7.  Deny the allegations set forth in paragraph "7" of the Complaint with respect to the APL Defendants. Deny having knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations set forth in paragraph "7" of the Complaint to the extent those allegations refer to the other named defendants.

8. Deny the allegations set forth in paragraph "8" of the Complaint with respect to the APL Defendants. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph "8" of the Complaint to the extent those allegations refer to the other named defendants.

9. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "9" of the Complaint.

## SECOND CAUSE OF ACTION

10. With respect to paragraph "10" of the Complaint, the APL Defendants repeat, reiterate and realleage each and every denial in paragraphs "1" through "9" of this Answer with the same force and effect as if fully set forth herein.

11. Deny the allegations set forth in paragraph "11" of the Complaint with respect to the APL Defendants. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph "11" of the Complaint to the extent those allegations refer to the other named defendants.

12. Deny the allegations set forth in paragraph "12" of the Complaint.

## THIRD CAUSE OF ACTION

13. With respect to paragraph "13" of the Complaint, the APL Defendants repeat, reiterate and realleage each and every denial in paragraphs "1" through "12" of this Answer with the same force and effect as if fully set forth herein.

14. Admit that on or about September 19, 2006 a shipment of pharmaceuticals was delivered to APL (or entities acting on its behalf) at the ColorCon facility in Indianapolis, Indiana. Deny the remaining allegations set forth in the paragraph "14" of the Complaint.

15. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "15" of the Complaint.

16. Admit the allegations contained in paragraph "16" of the Complaint.

17. Admit that defendant APL provided shipping container APRU508621-4 for the entire shipment from the place of receipt to the place of delivery. Deny the remaining allegations set forth in paragraph "17" of the Complaint.

18. Admit that defendant APL or entities acting on its behalf carried the shipment of pharmaceuticals by road and/or rail conveyances from Indianapolis to Los Angeles, California. Deny the remaining allegations set forth in paragraph "18" of the Complaint to the extent those allegations refer to the other named defendants.

19. Admit the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

**FOURTH CAUSE OF ACTION**

22. With respect to paragraph "22" of the Complaint, the APL Defendants repeat, reiterate and realleage each and every denial in paragraphs "1" through "21" of this Answer with the same force and effect as if fully set forth herein.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

## FIFTH CAUSE OF ACTION

28. With respect to paragraph "28" of the Complaint, the APL Defendants repeat, reiterate and realleage each and every denial in paragraphs "1" through "27" of this Answer with the same force and effect as if fully set forth herein.

29. Admit that defendant APL agreed to act as carrier of the shipment in accordance with the terms of its bill of lading. Deny the remaining allegations set forth in paragraph "29."

## SIXTH CAUSE OF ACTION

30. With respect to paragraph "30" of the Complaint, the APL Defendants repeat, reiterate and realleage each and every denial in paragraphs "1" through "29" of this Answer with the same force and effect as if fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

33. The APL Defendants allege, by way of an affirmative defense, that APL Pte is not a proper party to this action, as it did not issue the applicable contract of carriage.

## SECOND AFFIRMATIVE DEFENSE

34. The APL Defendants allege, by way of an affirmative defense, that APL Limited is not a proper party to this action, as it did not issue the applicable contract of carriage.

## THIRD AFFIRMATIVE DEFENSE

35. The APL Defendants allege, by way of an affirmative defense, that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

36.     The APL Defendants allege, by way of an affirmative defense, that Plaintiff is not the real party in interest.

## FIFTH AFFIRMATIVE DEFENSE

37.     The APL Defendants allege, by way of an affirmative defense, that said shipments described in Plaintiff's Complaint were subject to all the terms, conditions and exceptions contained in bill of lading APLU 098205145 to which Plaintiff agreed to be and is bound. Any shortage, loss or damage to the shipment, which the APL Defendants specifically deny, was due to causes for which the APL Defendants were not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act ("COGSA"), *reprinted in* note following 46 U.S.C. § 30701, (formerly 46 U.S.C. § 1301 *et seq.*), and/or the Harter Act, 46 U.S.C. §§ 30702-30707 (formerly 46 U.S.C. App. § 190 *et seq.,*) and/or the applicable APL tariffs and/or provisions of the APL bills of lading and/or the general maritime law of the United States.

## SIXTH AFFIRMATIVE DEFENSE

38.     The APL Defendants allege, by way of an affirmative defense, that any damage sustained or to be asserted by Plaintiff, which the APL Defendants specifically deny, was a result of the negligence or recklessness of either Plaintiff and/or other parties over which the APL Defendants have no control and/or for which the APL Defendants cannot be held liable.

## SEVENTH AFFIRMATIVE DEFENSE

39.     If, which is denied, the APL Defendants are found liable for any loss or damage to the cargo in question, Plaintiff's right to recovery from the APL Defendants must be denied for its assured's failure to mitigate its damages. 46 U.S.C. App. § 1304.

## EIGHTH AFFIRMATIVE DEFENSE

40. The APL Defendants allege, by way of an affirmative defense, that Plaintiff is barred as it has assumed all risks inherent in said shipment.

## PRAYER FOR RELIEF

WHEREFORE, the APL Defendants respectfully request:

1. The Complaint against the APL Defendants be dismissed with prejudice and that judgment be entered in favor of the APL Defendants; and,

2. For such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         October 25, 2007

                           HOLLAND & KNIGHT LLP

                      By: _____
                          James H. Hohenstein
                          Lissa D. Schaupp
                          HOLLAND & KNIGHT LLP
                          195 Broadway
                          New York, New York 10007
                          Telephone: 212-513-3200
                          Telefax: 212-385-9010
                          E-mail: jim.hohenstein@hklaw.com
                                        lissa.schaupp@hklaw.com

                          Attorneys for Defendants,
                          *American President Lines, Ltd.*
                          *APL Limited (s/h/a APL Ltd.)*
                          *APL Co. Pte Ltd.*

TO:

| | |
|---|---|
| David L. Mazaroli, Esq. | David Y. Loh, Esq. |
| LAW OFFICES OF DAVID L. MAZAROLI | COZEN O'CONNOR |
| 11 Park Place, Suite 1214 | 45 Broadway Atrium, Suite 1600 |
| New York, New York 10007-2801 | New York, New York 10006-3792 |

                                                                                                               # 4878402_v1