COZEN O'CONNOR
45 Broadway Atrium, Suite 1600
New York, New York 10006-3792
Tel.: (212) 509-9400
David Y. Loh  (DYL 0460)

Attorneys for Defendant
MILLENIUM MARINE CORP.
Our File No.: 212981

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
INDEMNITY INSURANCE COMPANY OF         Docket No. 07 Civ. 8193 (JPS)
NORTH AMERICA,

                   Plaintiff,

                                                           **MMC'S ANSWER**
    -against-                                                  **TO AMENDED COMPLAINT**
                                                           **AND CROSS CLAIMS**

M/V "HYUNDAI PIONEER," her engines,
tackle, boilers, etc.; MILLENIUM MARINE
CORP.; AMERICAN PRESIDENT LINES,
LTD.; APL LTD.; APL CO. PTE LTD.;

                   Defendants.
------------------------------------------------------------X

       Defendant MILLENIUM MARINE CORP. (hereinafter referred to as "MMC"), by its attorneys COZEN O'CONNOR, answering plaintiff's Amended Complaint, says as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "1" and "2" of the Amended Complaint, and respectfully refers all questions of law for determination by this Court at time of trial.

2. Admits that MMC is a corporation organized under the laws of New Jersey with a

principal place of business located at 399 Hoes Lane, Piscataway, New Jersey, but except as specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "3" of the Amended Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "4" and "5" of the Amended Complaint, and respectfully refers all questions of law for determination by this Court at time of trial.

4. Admits that MMC issued house bill of lading No. MMCU32061 dated October 7, 2006 which described the cargo as follows: Container No.: APRU5086214 (which was inspected, tested and provided by co-defendant AMERICAN PRESIDENT LINES, LTD.), No. of PKGS: "1," Description of Packages and Goods: "40 RF CONTAINER SLAC:, 21 PALLETS, W/ 495 DRUMS, STARCH & SURELEASE CLEAR, REEFER TEMPERATURE MUST BE SET AND MAINTAINED AT 65 DEGREES FAHRENHEIT", but except as specifically admitted, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "6" of the Amended Complaint.

5. Denies each and every allegation contained in paragraphs "7", "8" and "9" of the Amended Complaint, but to the extent paragraphs "7", "8" and "9" refer to other named defendants, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Amended Complaint.

6. With respect to paragraph "10" of the Amended Complaint, MMC repeats, reiterates

and realleges each and every denial in paragraphs "1" through "5" of this Answer with the same force and effect as if fully set forth herein.

7. Admits that MMC delegated the responsibility for inspecting, testing, maintaining and servicing the refrigeration services during transit to co-defendants AMERICAN PRESIDENT LINES, LTD.; APL LTD.; and APL CO. PTE LTD., but except as specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs "11" and "12" of the Amended Complaint.

8. With respect to paragraph "13" of the Amended Complaint, MMC repeats, reiterates and realleges each and every denial in paragraphs "1" through "7" of this Answer with the same force and effect as if fully set forth herein.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14", "15", "16", "17", "18", "19", "20" and "21" of the Amended Complaint.

10. With respect to paragraph "22" of the Amended Complaint, MMC repeats, reiterates and realleges each and every denial in paragraphs "1" through "9" of this Answer with the same force and effect as if fully set forth herein.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "23", "24", "25", "26" and "27" of the Amended Complaint.

12. With respect to paragraph "28" of the Amended Complaint, MMC repeats, reiterates

and realleges each and every denial in paragraphs "1" through "11" of this Answer with the same force and effect as if fully set forth herein.

13. Denies each and every allegation contained in paragraph "29" of the Amended Complaint.

14. With respect to paragraph "30" of the Amended Complaint, MMC repeats, reiterates and realleges each and every denial in paragraphs "1" through "13" of this Answer with the same force and effect as if fully set forth herein.

15. Denies each and every allegation contained in paragraphs "31" and "32" of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

16. Plaintiff has failed to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

17. Plaintiff is not the real party in interest.

## THIRD AFFIRMATIVE DEFENSE

18. Defendant MMC is an agent for a disclosed principal.

## FOURTH AFFIRMATIVE DEFENSE

19. Plaintiff is barred as it has assumed all risks inherent in the subject shipment.

## FIFTH AFFIRMATIVE DEFENSE

20. The occurrence and damages, if any, sustained by plaintiff, resulted wholly and solely from the fault, neglect and want of care of plaintiff or persons and parties other than MMC for whose acts said Defendant is not liable or responsible, and was not the result

of any negligence, breach of contract, fault or want of care on the part of MMC.

## SIXTH AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred by the equitable principles of waiver, estoppel, accord and satisfaction and laches.

## SEVENTH AFFIRMATIVE DEFENSE

22. MMC operates under certain standard terms and conditions. All of these terms and conditions are hereby incorporated by reference and govern the shipment which is the subject of this action. The terms and conditions provides the specific bar to plaintiff's claims and exonerate defendant, MMC in part from liability not to exceed a certain value of the cargo which is lost or damaged.

## EIGHTH AFFIRMATIVE DEFENSE

23. Any loss or damage as alleged arose from acts or omissions of agents of plaintiff for which MMC has no liability.

## NINTH AFFIRMATIVE DEFENSE

24. Plaintiff has failed to name necessary and indispensable parties to this action.

## TENTH AFFIRMATIVE DEFENSE

25. Plaintiff's claims are barred by documents issued with respect to the subject shipment including, but not limited to, bills of lading, dock receipts, air waybills, house air waybills, shipper's letters of instructions and delivery receipts.

## ELEVENTH AFFIRMATIVE DEFENSE

26. Plaintiff has failed to make a timely notice of claim and therefore, the instant action is barred as a matter of law and/or the actions are barred by applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

27. MMC states that plaintiff failed to provide proper instructions for the handling of the cargo.

## THIRTEENTH AFFIRMATIVE DEFENSE

28. MMC claims the benefit of all exculpatory clauses or other similar provisions limiting its liability, as contained within the express terms and conditions of documents issued with regard to the subject shipment and/or any other documents deemed as contracts of carriage, to $500 per package and expressly excluding liability for matters sued upon herein.

## FOURTEENTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims are subject to the provisions of the United States Carriage of Goods by Sea Act of 1936, 46 U.S.C. Appx. Section 1300, *et seq.*, the General Maritime Law and/or the Warsaw Convention, 49 Stat. 3000, *et seq.* and/or the Carmack Amendment, 49 U.S.C. Section 11706 or 14706.

## FIFTEENTH AFFIRMATIVE DEFENSE

30. MMC states that it is not responsible or liable for the action or inaction of any independent contractor.

### SIXTEENTH AFFIRMATIVE DEFENSE

31. The claims asserted by Plaintiff are barred in whole or in part to the extent that it seeks the recovery of consequential damages, ancillary damages and/or economic losses.

### SEVENTEENTH AFFIRMATIVE DEFENSE

32. Defendant MMC is not a "carrier" as that term is defined pursuant to the applicable federal statute governing the transportation of goods for hire and cannot held liable to plaintiff's claim for cargo loss or damage.

### EIGHTEENTH AFFIRMATIVE DEFENSE

33. This Court lacks personal jurisdiction over defendant MMC in this matter.

### NINETEENTH AFFIRMATIVE DEFENSE

34. This dispute is not properly venued in the U.S. District Court for the Southern District of New York in that the shipment in question did not travel through the State of New York, none of the operative facts and witnesses are located within this district and plaintiff's alleged damage would have occurred in or around the area of Indianapolis, Indiana.

### TWENTIETH AFFIRMATIVE DEFENSE

35. *Forum non conveniens.*

## CROSS CLAIM

### AS AND FOR MMC'S CROSS
### CLAIMS AGAINST ALL CO-DEFENDANTS

COMES NOW, defendant MILLENIUM MARINE CORP. (hereinafter referred to as "MMC"), by and through its counsel and pursuant to Rule 13 of the Federal Rules of Civil Procedure, files this Cross Claim against co-defendants AMERICAN PRESIDENT LINES, LTD.; APL LTD.; and APL CO. PTE LTD. (hereinafter collectively referred to herein as "co-defendants" or "APL"), and alleges:

1. This Court has jurisdiction of this action ancillary to the main action in the above-numbered cause.

2. Co-defendants were, and are, common carriers of goods for hire.

3. According to plaintiff's allegations, the plaintiff's subrogor was at all time herein mentioned, and still is, the owner of certain property which was to be shipped from Indianapolis, Indiana on or about September 18, 2006 for delivery to Shanghai, China on or about October 18, 2006, and which was delivered to co-defendants for transportation.

4. Plaintiff alleges that it stuffed a shipment of food additives known as "starch & surelease clear" (hereinafter referred to as "the cargo") into refrigerated container No. APRU508621-4 (hereinafter referred to as "the container").

5. Annexed as Exhibit "A" is a true and correct copy of APL's confirmation for booking number 098205145 dated September 12, 2006.

6. Exhibit "A" confirms that APL acknowledged receipt of MMC's instruction to set the temperature for the container's reefer unit to +65F.

7. Co-defendants issued their own master bill of lading No. APLU 098205145 dated October 7, 2006.

8. Annexed hereto as Exhibit "B" is a true and correct copy of said bill of lading. Exhibit "B" confirms that the container's reefer unit was to have been set at +65F.

9. Co-defendants were responsible for conducting an inspection of the container's reefer unit prior to the delivery to the shipper's location in Indianapolis, Indiana.

10. Co-defendants conducted an inspection of the container's reefer unit prior to the delivery to the shipper's location in Indianapolis, Indiana.

11. During this inspection, co-defendants set the container's reefer unit to +65F.

12. Co-defendants delivered the container to the shipper's location in Indianapolis, Indiana on September 18, 2006. Annexed hereto as Exhibit "C" is a true and correct copy of APL's tracking for bill of lading number 098205154 dated September 19, 2006.

13. Plaintiff alleges that, on September 18, 2006, the cargo was loaded into the container by the shipper at its facility in Indianapolis, Indiana.

14. Plaintiff alleges that the container failed to operate properly between September 19, 2006 through September 22, 2006 because its reefer unit was set at zero degrees Celsius on September 19, 2006 and changed back to +65F on September 22, 2006.

15. If the container's reefer unit was set at zero degrees Celsius on September 19, 2006 and changed back to +65F on September 22, 2006, those temperature changes were made by co-defendants and their employees, agents or servants.

16. Plaintiff further alleges that the improper temperature setting of zero degrees Celsius from September 19, 2006 to September 22, 2006 caused the cargo inside the container to be exposed to below-freezing temperatures which effectively rendered the cargo unfit for its intended purpose and had to be destroyed without any salvage value.

17. From September 19, 2006 to September 22, 2006, the container was in the exclusive care, custody and control of co-defendants and their employees, agents or servants.

18. If the container's reefer unit was set at below-freezing temperatures from September 19, 2006 to September 22, 2006 and the exposure to the below-freezing temperatures caused the cargo to become damaged, then the cargo was damaged by co-defendants and their employees, agents or servants.

19. If the container's reefer unit was set at below-freezing temperatures from September 19, 2006 to September 22, 2006 and the exposure to the below-freezing temperatures caused the cargo to become damaged, then the cargo was damaged by the failure of co-defendants and their employees, agents or servants to properly maintain the temperature of the container's reefer unit at +65F.

20. All conditions precedent to this action have occurred.

### AS AND FOR MMC'S FIRST CAUSE OF ACTION
### (CONTRIBUTION AND INDEMNITY)

21. MMC, hereby repeats and realleges Paragraphs "1" through "20" of this cross claim, as if fully set forth herein.

22. Plaintiff asserts, in the underlying Amended Complaint, that MMC is liable for damages incurred as a result of the loss of a shipment of cargo purportedly entrusted to the co-

defendants in this action. MMC denies any liability thereunder; however, in the event that MMC is found liable, it would show that plaintiff's damages resulted from the co-defendants' failure to comport with standard of care accepted in the industry, and/or resulted from said co-defendants' breach of statutory and/or contractual obligations to safely arrange for and/or deliver the goods which were entrusted to the co-defendants' custody and/or control.

23. In particular, co-defendants agreed to set the temperature for the reefer unit of the container for the cargo at +65F, but plaintiff alleges that the temperature was improperly changed during September 19 through 22 by co-defendants.

24. MMC has been forced to retain the undersigned counsel to defend it in this action, and has incurred, and will continue to incur, attorneys' fees, as a result of the action or inaction of the co-defendants herein.

25. In the event that plaintiff's damages resulted from the negligence, breach of contract, or breach of some other duty by the co-defendants, all actions by MMC were merely constructive, technical, vicarious, subordinate, and/or passive and therefore, MMC is entitled to contribution and/or indemnity, equitable or otherwise, from the co-defendants, in an amount equal to the sum of any judgment, together with any attorneys' fees and disbursements of this action.

## AS AND FOR MMC'S SECOND CAUSE OF ACTION
## (BREACH OF CONTRACT)

26. MMC hereby repeats and realleges paragraphs "1" through "25" of this cross claim, as if fully set forth herein.

27. Plaintiff asserts, in the underlying Amended Complaint, that MMC is liable for damages incurred, as a result of damages to a shipment of cargo purportedly entrusted to co-defendants in said action. MMC denies any liability thereunder; however, in the event that MMC is found liable, it would show that plaintiff's damages resulted from co-defendants' failure to comport with standards of care accepted in said industry, and/or resulted from said co-defendants' breach of statutory and/or contractual obligations to safely arrange for and/or deliver the goods which were entrusted to the co-defendants' custody and/or control.

28. Co-defendants entered into contracts of carriage, or contracts incident to carriage with MMC, which provided for the exercise of due care in the arrangement and/or procurement and/or movement of the subject cargo.

29. Co-defendants breached these contractual obligations by failing to deliver in good order and condition the subject cargo, and/or failing to meet its contractual duty by selecting and/or arranging for the movement of said goods.

30. In particular, co-defendants breached their contractual obligations by failing to maintain the temperature of the reefer unit of the container at +65F as stated in APL's own documentation.

31. MMC has been forced to retain the undersigned counsel to defend it in this action, and has incurred, and will continue to incur, attorneys' fees as a result of the actions of the co-defendants herein.

32. Should the co-defendants' breach of its duties, contractual or otherwise, proximately result in a judgment against MMC, MMC shall be entitled to recovery for said breach, as against said co-defendants, for the amount of said judgment and any other resultant consequential damages, including the costs and fees associated with the defense and prosecution of this action.

### AS AND FOR MMC'S THIRD CAUSE OF ACTION
### (NEGLIGENCE)

33. MMC hereby repeats and realleges paragraphs "1" through "32" of the cross claim, as if fully set forth herein.

34. Plaintiff asserts, in the underlying Amended Complaint, that MMC is liable for damages incurred, as a result of damages to a shipment of cargo purportedly entrusted to defendant in said action. MMC denies any liability thereunder; however, in the event that MMC is found liable, it would show that plaintiff's damages resulted from co-defendants' failure to comport with standards of care accepted in said industry, and/or resulted from said co-defendants' breach of statutory and/or contractual obligations to safely arrange for and/or deliver the goods which were entrusted to the co-defendants' custody and/or control.

35. MMC has been forced to retain the undersigned counsel to defend it in this action, and has incurred, and will continue to incur, attorneys' fees as a result of the actions of the co-defendants herein.

36. Should the co-defendants' breach of its duties of care, as imposed by industry standards and/or statute and/or otherwise, proximately result in a judgment against MMC, MMC shall be entitled to recovery for said negligence, as against said co-defendants, for the amount of said judgment and any other resultant consequential damages, including the costs and fees associated with the defense and prosecution of this action.

### AS AND FOR MMC'S THIRD CAUSE OF ACTION
### (BREACH OF EXPRESS AND IMPLIED WARRANTY)

37. MMC hereby repeats and realleges paragraphs "1" through "36" of the cross claim, as if fully set forth herein.

38. MMC entered into a contract and agreement with APL to provide certain transportation and storage services for the cargo, for which work MMC agreed to pay APL the cost thereof.

39. MMC entered into said contract with APL relying upon an implied and express warranty by APL that said services would be done in a careful, skillful and workmanlike manner.

40. APL failed to perform said services, as provided for in the contract, in a careful, skillful and workmanlike manner, as heretofore alleged, and thereby breached the warranty entered into with MMC.

41. MMC has duly performed all of the conditions of said contract on its part to be performed and, as a result of the breach of warranty on the part of APL, MMC has suffered the damages heretofore alleged.

42. MMC has been forced to retain the undersigned counsel to defend it in this action, and has incurred, and will continue to incur, attorneys' fees as a result of the actions of the co-defendants herein.

43. Should the co-defendants' breach of their express and implied warranties proximately result in a judgment against MMC, MMC shall be entitled to recovery for said breach of warranties, as against said co-defendants, for the amount of said judgment and any other resultant consequential damages, including the costs and fees associated with the defense and prosecution of this action.

### AS AND FOR MMC'S FOURTH CAUSE OF ACTION
### (FRAUDULENT MISREPRESENTATION)

44. MMC hereby repeats and realleges paragraphs "1" through "43" of the cross claim, as if fully set forth herein.

45. In hiring APL, MMC relied upon the integrity and representations of APL as to the nature, extent and skill of APL to reduce or avoid the risk of loss or damage during transit of the cargo, as well as provide a suitable and safe environment of this sensitive cargo. However, because of material misrepresentations by APL, APL's ability to protect and/or care for the cargo was fraudulently and artificially inflated.

46. Prior to the shipment, APL's misrepresentations as to the level and nature of the protection for the cargo presented a materially misleading picture of APL's duties and responsibilities and/or services that were to be provided for the subject shipment.

47. Prior to the shipment, APL knew or recklessly failed to discover the level and nature of the services provided was inaccurate or incomplete or false or misleading. APL knew of and

consented to the manner in which the level and nature of care and protection for the cargo was represented to its customers and third party beneficiaries, such as plaintiff's subrogor.

48. During the shipment, APL knew or recklessly failed to discover that the temperature of the container's reefer unit was improperly set at zero degrees Celsius on September 19, 2006.

49. When APL changed the temperature of the container's reefer unit back to +65F, APL knew or recklessly failed to notify customers and third party beneficiaries, such as plaintiff's subrogor, and failed to give them an opportunity to inspect the cargo and mitigate its damages.

50. The misrepresentations and omissions prior to the shipment were such as would induce MMC to misjudge the nature, extent and skill of APL to protect the cargo during transit, as well as during storage.

51. MMC relied upon APL's statements, which included fraudulent misrepresentations and omitted certain material facts.

52. MMC has been forced to retain the undersigned counsel to defend it in this action, and has incurred, and will continue to incur, attorneys' fees as a result of the actions of the co-defendants herein.

53. Should the co-defendants' fraudulent misrepresentations proximately result in a judgment against MMC, MMC shall be entitled to recovery against said co-defendants, for the amount of said judgment and any other resultant consequential damages, including the costs and fees associated with the defense and prosecution of this action.

## AS AND FOR MMC'S FIFTH CAUSE OF ACTION
### (NEGLIGENT MISREPRESENTATION)

54. MMC hereby repeats and realleges paragraphs "1" through "53" of the cross claim, as if fully set forth herein.

55. Prior to the shipment, APL failed to exercise reasonable care in obtaining and communicating the correct information to MMC concerning the true nature, extent and ability of APL to reduce or eliminate the risk of loss of the cargo during transit and storage. Accordingly, APL supplied false information for the guidance of MMC, knowing that MMC intended to, and would rely upon this information. MMC justifiably relied upon the information supplied by APL to its detriment and damages.

56. MMC has been forced to retain the undersigned counsel to defend it in this action, and has incurred, and will continue to incur, attorneys' fees as a result of the actions of the co-defendants herein.

57. Should the co-defendants' negligent misrepresentations proximately result in a judgment against MMC, MMC shall be entitled to recovery against said co-defendants, for the amount of said judgment and any other resultant consequential damages, including the costs and fees associated with the defense and prosecution of this action.

**WHEREFORE**, defendant MILLENIUM MARINE CORP. respectfully requests that this Court dismiss the Amended Complaint filed in this action, together with costs and disbursements, including reasonable attorneys fees and expenses, and enter a judgment, as against co-defendants AMERICAN PRESIDENT LINES, LTD.; APL LTD.; APL CO. PTE LTD., for each of the causes of actions asserted in this cross claim, together with an award of attorneys' fees, costs and any other further relief that justice requires.

Dated: March 18, 2008
      New York, New York

                        COZEN O'CONNOR
                        Attorneys for Defendant
                        MILLENIUM MARINE CORP.

By: _____
     David Y. Loh (DL 0460)
     45 Broadway – 16th Floor
     New York, New York 10006
     Tel.: (212) 509-9400
     File No.: 212981

TO:

David L. Mazaroli, Esq.
Attorneys for Plaintiff
11 Park Place, Suite 1214
New York, New York 10007-2801

Lissa Diane Schaupp, Esq.
Holland & Knight
195 Broadway - 24th Floor
New York, New York 10007

NEWYORK_DOWNTOWN\358258\1    212981.000

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

Nancy Bell, being duly sworn, deposes and says:

I am not a party to this action, am over 18 years of age, and reside in Staten Island, New York. On March 18, 2008, I served the within *MMC's Answer to Amended Complaint and Cross Claims* by depositing true copies thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service, addressed to the following at the addresses set forth below:

David L. Mazaroli, Esq.
11 Park Place, Suite 1214
New York, New York 10007-2801

Lissa Diane Schaupp, Esq.
Holland & Knight
195 Broadway – 24th Floor
New York, New York 10007

_____
Nancy Bell

Sworn to before me this 18th day
of March, 2008.

_____
Notary Public

WILLIAM BROUDY
NOTARY PUBLIC, STATE OF NEW YORK
NO. 60-5468372
QUALIFIED IN WESTCHESTER COUNTY
COMMISSION EXPIRES: JULY 31, 2010

NEWYORK\358437\1 212981.000