James H. Hohenstein
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
Telephone: (212) 513-3200
Telefax: (212) 385-9010
Email: jim.hohenstein@hklaw.com
       lissa.schaupp@hklaw.com

Attorneys for Defendant,
AMERICAN PRESIDENT LINES, LTD.
APL LIMITED (S/H/A APL LTD.)
APL CO. PTE LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,<br><br>Plaintiff,<br><br>-against-<br><br>M/V "HYUNDAI PIONEER," her engines, tackle, boilers, etc.; MILLENIUM MARINE CORP.; PRESIDENT LINES, LTD., APL LTD.; APL CO. PTE LTD.,<br><br>Defendants. | 07 Civ. 8193 (RWS)<br><br>**ANSWER TO CROSS CLAIM OF MILLENIUM MARINE CORP. SUBMITTED WITH ITS ANSWER TO THE AMENDED COMPLAINT** |

NOW COMES Defendants, American President Lines, Ltd. ("APL"), APL Limited (sued here as APL Ltd. ("APL Limited"), and APL Co. Pte Ltd. ("APL Pte")(collectively, "APL Defendants"), by and through their attorneys, Holland & Knight LLP, answering the Cross Claim of Co-defendant Millenium Marine Corp. ("Millenium") submitted with its Answer to the Amended Complaint, and respectfully state upon information and belief:

1. Admit the allegations set forth in paragraph "1" of Millenium's Cross Claim.

2. Admit that APL and APL Pte. were and still are in the business of common carriage of goods by water for hire and deny the remaining allegations set forth in paragraph "2" of Millenium's Cross Claim.

3. Admit that that certain property allegedly belonging to Plaintiff's subrogor was delivered to defendant APL for transportation from Indianapolis, Indiana to Shanghai, China, on or about September 18, 2006 and denies the remaining allegations set forth in paragraph "3" of Millenium's Cross Claim.

4. Deny the allegations set forth in paragraph "4" of Millenium's Cross Claim.

5. Admit the allegations set forth in paragraph "5" of Millenium's Cross Claim.

6. Deny the allegations set forth in paragraph "6" of Millenium's Cross Claim as the document speaks for itself.

7. Admit that defendant APL issued a bill of lading no. APLU 098205145, dated October 7, 2006 and deny the remaining allegations set forth in paragraph "7" of Millenium's Cross Claim.

8. Admit that Exhibit "B" to the Cross Claim is a true and correct copy of the APL bill of lading and deny the balance of the allegations set forth in paragraph "8" of Millenium's Cross Claim.

9. Deny the allegations set forth in paragraph "9" of Millenium's Cross Claim.

10. Deny having knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "10" of Millenium's Cross Claim.

11. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "11" of Millenium's Cross Claim.

12. Admit that Exhibit "C" is a true and correct copy of APL's tracking document, for bill of lading number 098205154, which had not yet been created, and deny having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph "12" of Millenium's Cross Claim.

13. Deny the allegations set forth in paragraph "13" of Millenium's Cross Claim.

14. Deny the allegations set forth in paragraph "14" of Millenium's Cross Claim.

15. Deny the allegations set forth in paragraph "15" of Millenium's Cross Claim.

16. Deny the allegations set forth in paragraph "16" of Millenium's Cross Claim.

17. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "17" of Millenium's Cross Claim.

18. Deny the allegations set forth in paragraph "18" of Millenium's Cross Claim.

19. Deny the allegations set forth in paragraph "19" of Millenium's Cross Claim.

20. Deny the allegations set forth in paragraph "20" of Millenium's Cross Claim.

**FIRST CAUSE OF ACTION**

21. With respect to paragraph "21" of Millenium's Cross Claim, the APL Defendants repeat, reiterate and realleage each and every denial in paragraphs "1" through "20" of this Answer with the same force and effect as if fully set forth herein.

22. Deny the allegations set forth in paragraph "22" of Millenium's Cross Claim.

23. Deny the allegations set forth in paragraph "23" of Millenium's Cross Claim.

24. Deny the allegations set forth in paragraph "24" of Millenium's Cross Claim.

25. Deny the allegations set forth in paragraph "25" of Millenium's Cross Claim.

## SECOND CAUSE OF ACTION

26. With respect to paragraph "26" of Millenium's Cross Claim, the APL Defendants repeat, reiterate and realleage each and every denial in paragraphs "1" through "25" of this Answer with the same force and effect as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of Millenium's Cross Claim.

28. Admit that defendant APL entered into a contract of carriage with Millenium that was memorialized as bill of lading no. APLU 098205145, dated October 7, 2006, and deny the remaining allegations set forth in paragraph "28" of Millenium's Cross Claim.

29. Deny the allegations set forth in paragraph "29" of Millenium's Cross Claim.

30. Deny the allegations set forth in paragraph "30" of Millenium's Cross Claim.

31. Deny the allegations set forth in paragraph "31" of Millenium's Cross Claim.

32. Deny the allegations set forth in paragraph "32" of Millenium's Cross Claim.

## THIRD CAUSE OF ACTION

33. With respect to paragraph "33" of the Complaint, the APL Defendants repeat, reiterate and realleage each and every denial in paragraphs "1" through "32" of this Answer with the same force and effect as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of Millenium's Cross Claim.

35. Deny the allegations set forth in paragraph "35" of Millenium's Cross Claim.

36. Deny the allegations set forth in paragraph "36" of Millenium's Cross Claim.

## (THIRD) FOURTH CAUSE OF ACTION[1]

37. With respect to paragraph "37" of the Complaint, the APL Defendants repeat, reiterate and realleage each and every denial in paragraphs "1" through "36" of this Answer with the same force and effect as if fully set forth herein.

---

[1] There are two causes of action denominated "Third" in the Cross Claim.

38. Admit that defendant APL entered into a contract of carriage with Millenium that was memorialized as bill of lading no. APLU 098205145, dated October 7, 2006 whereby defendant APL would transport 21 pallets of pharmaceuticals in container APRU508621-4 from Indianapolis, Indiana to Shanghai, China by way of the port of Los Angeles aboard the M/V "HYUNDAI PIONEER." Deny the remaining allegations set forth in paragraph "38" of Millenium's Cross Claim.

39. Deny the allegations set forth in paragraph "39" of Millenium's Cross Claim.

40. Deny the allegations set forth in paragraph "40" of Millenium's Cross Claim.

41. Deny the allegations set forth in paragraph "41" of Millenium's Cross Claim.

42. Deny the allegations set forth in paragraph "42" of Millenium's Cross Claim.

43. Deny the allegations set forth in paragraph "43" of Millenium's Cross Claim.

### (FOURTH) FIFTH CAUSE OF ACTION

44. With respect to paragraph "44" of the Complaint, the APL Defendants repeat, reiterate and realleage each and every denial in paragraphs "1" through "43" of this Answer with the same force and effect as if fully set forth herein.

45. Deny the allegations set forth in paragraph "45" of Millenium's Cross Claim.

46. Deny the allegations set forth in paragraph "46" of Millenium's Cross Claim.

47. Deny the allegations set forth in paragraph "47" of Millenium's Cross Claim.

48. Deny the allegations set forth in paragraph "48" of Millenium's Cross Claim.

49. Deny the allegations set forth in paragraph "49" of Millenium's Cross Claim.

50. Deny the allegations set forth in paragraph "50" of Millenium's Cross Claim.

51. Deny the allegations set forth in paragraph "51" of Millenium's Cross Claim.

52. Deny the allegations set forth in paragraph "52" of Millenium's Cross Claim.

53. Deny the allegations set forth in paragraph "53" of Millenium's Cross Claim.

### (FIFTH) SIXTH CAUSE OF ACTION

54. With respect to paragraph "54" of the Complaint, the APL Defendants repeat, reiterate and realleage each and every denial in paragraphs "1" through "53" of this Answer with the same force and effect as if fully set forth herein.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of Millenium's Cross Claim.

### FIRST AFFIRMATIVE DEFENSE

58. The APL Defendants allege, by way of an affirmative defense, that APL Pte is not a proper party to this action, as it did not issue the applicable contract of carriage.

### SECOND AFFIRMATIVE DEFENSE

59. The APL Defendants allege, by way of an affirmative defense, that APL Limited is not a proper party to this action, as it did not issue the applicable contract of carriage.

### THIRD AFFIRMATIVE DEFENSE

60. The APL Defendants allege, by way of an affirmative defense, that Millenium's Cross Claim fails to state claims upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

61. The APL Defendants allege, by way of an affirmative defense, that Millenium is not the real party in interest.

### FIFTH AFFIRMATIVE DEFENSE

62. The APL Defendants allege, by way of an affirmative defense, that said shipments described in Millenium's Cross Claim were subject to all the terms, conditions and exceptions

contained in bill of lading APLU 098205145 to which Millenium agreed to be and is bound. Any shortage, loss or damage to the shipment, which the APL Defendants specifically deny, was due to causes for which the APL Defendants were not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act ("COGSA"), *reprinted in* note following 46 U.S.C. § 30701, (formerly 46 U.S.C. § 1301 *et seq.*), and/or the Harter Act, 46 U.S.C. §§ 30702-30707 (formerly 46 U.S.C. App. § 190 *et seq.,*) and/or the applicable APL tariffs and/or provisions of the APL bills of lading and/or the general maritime law of the United States.

### SIXTH AFFIRMATIVE DEFENSE

63.  The APL Defendants allege, by way of an affirmative defense, that any damage sustained or to be asserted by Millenium, which the APL Defendants specifically deny, was a result of the negligence or recklessness of either and/or other parties over which the APL Defendants have no control and/or for which the APL Defendants cannot be held liable.

### SEVENTH AFFIRMATIVE DEFENSE

64.  If, which is denied, the APL Defendants are found liable for any loss or damage to the cargo in question, Millenium's right to recovery from the APL Defendants must be denied for its failure to mitigate its damages. 46 U.S.C. App. § 1304.

### EIGHTH AFFIRMATIVE DEFENSE

65.  The APL Defendants allege, by way of an affirmative defense, that Millenium is barred as it has assumed all risks inherent in said shipment.

## PRAYER FOR RELIEF

WHEREFORE, the APL Defendants respectfully request:

1. Millenium's Cross Claim against the APL Defendants be dismissed in its entirety with prejudice and that judgment be entered in favor of the APL Defendants; and,

2. For such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         April 2, 2008

                                    HOLLAND & KNIGHT LLP

                                    By: _____
                                    James H. Hohenstein
                                    Lissa D. Schaupp
                                    HOLLAND & KNIGHT LLP
                                    195 Broadway
                                    New York, New York 10007
                                    Telephone: 212-513-3200
                                    Telefax: 212-385-9010
                                    E-mail: jim.hohenstein@hklaw.com
                                            lissa.schaupp@hklaw.com

                                    Attorneys for Defendants,
                                    *American President Lines, Ltd.*
                                    *APL Limited (s/h/a APL Ltd.)*
                                    *APL Co. Pte Ltd.*

TO:

David L. Mazaroli, Esq.                David Y. Loh, Esq.
LAW OFFICES OF DAVID L. MAZAROLI       COZEN O'CONNOR
11 Park Place, Suite 1214              45 Broadway Atrium, Suite 1600
New York, New York  10007-2801         New York, New York  10006-3792

# 5241114_v1